UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
SALVATORE TANTILLO

        Plaintiff,              <u>MEMORANDUM AND ORDER</u>

    -against-               Civil Action No.
                                  CV-04-2223(DGT)
JO ANNE BARNHART

        Defendant.

---------------------------------X

Trager, J:

     Plaintiff Salvatore Tantillo ("plaintiff") moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b), based on an October 26, 2004 stipulation of the parties and order reversing the decision of the Commissioner of Social Security ("Commissioner") and remanding the matter pursuant to 42 U.S.C. § 405(g), sentence four. After remand, plaintiff was awarded retroactive benefits amounting to $140,000.00. Plaintiff's attorney, Carol Goldstein, Esq. ("Goldstein"), is seeking a total award of $25,000.00 for 17.7 hours, based on a contingency fee agreement between plaintiff and Goldstein. The Commissioner does not challenge counsel's right to collect attorney's fees, but objects to the amount sought as so excessive as to result in a windfall to Goldstein.

**Background**

In 1994, the Social Security Administration ("SSA") denied plaintiff's initial application for social security benefits and on reconsideration. Opinion of Administrative Law Judge ("ALJ") Dennis G. Katz, Mar. 13, 2001 ("ALJ Opinion") at 1. Plaintiff timely filed a request for a hearing before an ALJ. ALJ Opinion at 1. In 1997, the ALJ denied the plaintiff's claim as well. ALJ Opinion at 1. Following remand by the Appeals Council, on January 2, 2001, a hearing was held in front of another ALJ, Dennis G. Katz. ALJ Opinion at 1. ALJ Katz denied plaintiff's claim again. ALJ Opinion at 1. Plaintiff then submitted a request for review to the Appeals Council, which was denied on November 8, 2002. Action of Appeals Council on Request for Review, Nov. 8, 2002. Plaintiff requested an extension to file a civil action, which was granted on January 12, 2004. Appeals Council Letter Granting Extension of Time, Jan. 12, 2004. On October 26, 2004, the parties agreed to remand the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Stipulation and Order of Remand. On November 5, 2004, judgment was entered into for the plaintiff and was awarded $140,000.00 in retroactive benefits.

Goldstein was retained on December 26, 2000, ALJ Opinion at 1, pursuant to contingency fee agreement between plaintiff and Goldstein. Since December 2000, Goldstein has spent 17.7 hours

2

representing plaintiff.  Goldstein was compensated $1,891.40 for services pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Goldstein now moves for an award in the amount of $25,000.00 pursuant to 42 U.S.C. § 406(b), and will refund to the plaintiff the $1,891.40 previously awarded to her under the EAJA.  Plaintiff's Reply to Defendant's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Reply brief") at 3.

## Discussion

The Second Circuit has held that section 406(b) "permits the court to determine the amount of 'a reasonable fee for . . . representation,' provided the amount does not exceed 25% of the past due benefits."  Wells v. Sullivan, 907 F.2d 367, 370 (2d Cir. 1990).  Contingent-fee agreements are not prohibited by section 406(b).  See Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  In fact, the Second Circuit has held that the district court "must give due deference to the intent of the parties." See Boyd v. Barnhart, No. 97 CV 7273, 2002 WL 32096590, at *2 (E.D.N.Y. Oct. 24, 2002) (quoting Wells, 907 F.2d at 372).  To check the reasonableness of the fee, the court should determine: 1) whether it is within the 25% limitation; 2) whether there was any fraud or overreaching in making the agreement; and 3) whether awarding the requested amount would be a windfall to the attorney.  See Wells, 907 F.2d at 372.  The specific facts of

each case are used to determine whether the fee is reasonable. See Ferguson v. Apfel, No. 98 CV 3728, 2000 WL 709018, at *2 (E.D.N.Y. Apr. 17, 2000) (citing Hensley v. Eckerhart, 461 U.S. 424, 429 (1983)).

Applying these rules to the present case, the requested attorney fees are reasonable. First, the $25,000.00 requested award falls well below the 25% mark. In fact, even though plaintiff signed the contingent-fee agreement intending to pay Goldstein 25% of the total benefit received, Goldstein reduced that amount by $10,000.00 and is only requesting $25,000.00, approximately 18% of the $140,000.00 plaintiff was awarded. Reply brief at 2. Furthermore, there is no indication of fraud or overreaching on the record nor has the Commissioner alleged otherwise. See, e.g., Boyd v. Barnhart, 2002 WL 32096590, at *3. Finally, contrary to the Commissioner's contention, $25,000.00 for 17.7 hours does not constitute a windfall. Although the courts have not provided a clear set of guidelines as to what constitutes a windfall, several factors have been discussed, including: 1) whether the attorney was particularly successful for the plaintiff; 2) whether the case was submitted on boilerplate pleadings or whether legal research was necessary; and 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases. See Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456-57 (W.D.N.Y. 2005).

Clearly, Goldstein's efforts in the present case were successful since they resulted in an award of benefits to the plaintiff who had been denied at least three times before. In addition, there is no evidence that the case was submitted on boilerplate pleadings or that legal research was unnecessary. Furthermore, Goldstein's practice is limited to Social Security Disability cases, Reply brief at 2, and her experience very likely contributed to an efficient handling of the case. Finally, it should be noted that this was not a case where the plaintiff would inevitably prevail; in fact, before Goldstein took over the representation of plaintiff, plaintiff had previously been denied benefits at least three times and Goldstein took a risk in entering into the contingency fee arrangement with plaintiff that she would not be compensated. Thus, the amount of hours compared to the total amount of the agreed upon contingency fee is insufficient to render Goldstein's fee a windfall. See, e.g., Joslyn v. Barnhart, 389 F. Supp. 2d at 457 ("The Commissioner's contention that the attorney's fees would result in a windfall because they are disproportionately high given the amount of time [the attorney] expended is unavailing because it fails to take into account the effort and skill expended by [the attorney], as well as the risk he assumed that he would receive no compensation at all.")

Given the deference to the attorney-claimant agreement, the

5

interest in assuring claimants are represented and the lack of any factor to indicate a windfall, $25,000.00 is deemed to be a reasonable fee and should be paid by the Commissioner to Goldstein.  See, e.g., Joslyn, 389 F. Supp. 2d at 457 (granting a total of $43,416.50 in attorney fees which represented 25% of the social security benefit awarded to the claimant); Boyd, 2002 WL 32096590, at *2 (granting a total of $15,232 in attorney fees which represented the 25% contingent-fee agreement between the claimant and attorney).  As Goldstein has already received $1,891.40 under the EAJA, she must refund those funds to plaintiff upon receipt of her attorney fees pursuant to section 406(b).  See Gisbrecht, 535 U.S. at 795-96 (holding when an attorney receives fees payable under section 406(b) as well as fees payable under the EAJA, the attorney must refund the smaller of the two amounts).

## Conclusion

For the reasons stated above, plaintiff's motion for attorney's fees is granted in a total amount of $25,000.00.  The award is to be made payable to Carol Goldstein, Esq., attorney for plaintiff.  Further, upon receipt of the payment, Goldstein

must refund to the plaintiff, Salvatore Tantillo, an amount of $1,891.40.

Dated:   Brooklyn, New York
         July 10, 2007

                              SO ORDERED:

                              _____/s/_____
                              David G. Trager
                              United States District Judge