UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
SALVATORE TANTILLO, with Lisa Mazzola, as payee for the Plaintiff-Claimant,

                         Plaintiff,

      - against -

JOANNE BARNHART now MICHAEL J. ASTRUE, Commissioner of Social Security,

                         Defendant.
-------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

04 Civ. 2223 (BMC)(MDG)

**COGAN, District Judge.**

    Carol Goldstein, former attorney for plaintiff in this action, has moved for reconsideration of this Court's Memorandum Decision and Order entered July 8, 2011 (the "July 8th Order"), which required her to return $7500 of the $25,000 attorneys' fee that Judge Trager awarded to her. Plaintiff *pro se* cross-moves for reconsideration to require her to return the entire $25,000. Familiarity with the facts of this case and the July 8th Order is assumed.

    Goldstein's motion for reconsideration contains much information that was missing from both the original fee application that Judge Trager granted and Goldstein's opposition to plaintiff's Rule 60 motion to recover the fee, and indeed some facts set forth in her motion for reconsideration contradict her prior representations to Judge Trager. For example, Goldstein's fee application never even mentioned any of her three attorneys' fees agreements that she had with plaintiff; only in reply, after the Commissioner had noted that there was such an agreement, did she acknowledge it, and even then she only referred generally to only one of the three agreements. This Court drew unfavorable inferences from this lack of disclosure in its July 8th



Order, and only now, in her motion for reconsideration, does Goldstein attempt an explanation of why there were three agreements. Similarly, her motion for fees to Judge Trager represented that she was seeking 17.8% of plaintiff's past due benefits despite her fee agreement that would allow 25%. This Court relied on that calculation in its July 8th Order but only now, in her motion for reconsideration, does Goldstein advise the Court that in fact, either due to a miscalculation or lack of information, the fee recovery she sought and obtained from Judge Trager was only 14.8% of the benefits received. In the same vein, the July 8th decision concluded that plaintiff did not know of Judge Trager's $25,000 award until well after it was rendered; plaintiff had so averred, and Goldstein had not contradicted it until her current motion, in which she now advises the Court that plaintiff came to her shortly after the award and she told him about it. Finally, Goldstein's opposition to plaintiff's motion insisted that his award was not as a result of his *pro se* administrative application, even though the ALJ's decision expressly noted it was the result of both his represented and unrepresented applications.

Goldstein's motion for reconsideration is not the proper vehicle for presenting the Court with new facts and arguments that could just as easily have been interposed when plaintiff moved to have Goldstein return the entire $25,000 fee. A motion for reconsideration requires a demonstration that "the Court [ ] overlooked controlling decisions or factual matters that were put before it on the underlying motion, and which, had they been considered, might have reasonably altered the result before the court." Nakano v. Jamie Sadock, Inc., No. 98 Civ. 0515, 2000 WL 1010825, at *1 (S.D.N.Y. July 20, 2000) (citation omitted). Thus, a "'party may not advance new facts, issues, or arguments not previously presented to the Court.'" Nat'l Union Fire Ins. Co. v. Stroh Cos., 265 F.3d 97, 115 (2d Cir. 2001) (quoting Polsby v. St. Martin's Press,

2000 WL 98057, at *1 (S.D.N.Y. Jan.18, 2000)). The belated interposition of Goldstein's arguments does not satisfy this standard.

Even beyond the procedural bar, however, Goldstein's motion fails to dispute the two points that are at the heart of the July 8th Order. First, she did not tell Judge Trager that plaintiff had proceeded *pro se* at the hearing that resulted in his award of benefits. I was of the view in the July 8th Order, and I remain of the view, that Judge Trager would have seen her application in a different light if he had known that. As explained in the July 8th Order, Goldstein was seeking approximately $23,000 for a net of about eight hours work in district court (after payment of EAJA's fees and not including time spent preparing her fee application), consisting of nothing more than drafting a boilerplate complaint and signing a form stipulation of remand prepared by the Commissioner.

Second, Goldstein does not dispute that she never gave notice to plaintiff that she was filing a §406(b) application and that he only learned of that after Judge Trager's award (albeit she now avers that it was promptly after). She portrays plaintiff's motion to represent himself administratively and to have her disgorge the fee that Judge Trager awarded as simply an attempt to deprive her of her fee. I have no doubt her characterization is accurate. But plaintiff was entitled to represent himself and then argue to Judge Trager that Goldstein's contingent fee should be reduced because of his decision to do so. The combination of Goldstein's non-disclosures to Judge Trager and plaintiff deprived Judge Trager of the opportunity to determine how much, if any, validity there was to plaintiff's argument that he did the work and he should not have to pay the contingent fee.

Nevertheless, Goldstein is entitled to partial relief because of the combination of errors in her fee application, specifically, as noted above, her representation to Judge Trager that she was

3

seeking 17.8% of plaintiff's benefits instead of 25%. As noted, I think Judge Trager would have reduced that further if he knew that plaintiff had represented himself. But Goldstein now has realized that she actually only requested and received 14.8% of plaintiff's benefits. That leaves me, then with the following question: if Goldstein had disclosed to Judge Trager that plaintiff had represented himself administratively, but also disclosed that she was seeking only 14.8% of her possible 25% contingent fee instead of 17.8%, would he have allowed her the same $25,000 recovery?

Because the non-disclosures were entirely within Goldstein's control, I am compelled to err on the side of favoring plaintiff, and adhere to the view in the July 8th Order that a reduction is appropriate. However, the numbers have changed. Goldstein already took a larger self-imposed reduction than Judge Trager or I (or apparently she) knew. Based on these unusual facts, this Court will vacate the July 8th Order to the extent it required Goldstein to return $7500 to plaintiff, and instead orders that Goldstein return the sum of $2500 to plaintiff. Failure to do so within 14 days from entry of this Order shall result in the entry of judgment.

The Court has considered the points raised in plaintiff's *pro se* motion and finds them to be without merit.

The Clerk is directed to mail a copy of this Order to plaintiff *pro se* at all addresses listed on the docket.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
December 6, 2011